# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 12 CV 04035 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jeffrey T. Gilbert |
| ANDRE V. TILLMAN A/K/A ANDRE ) | |
| TILLMAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Several years ago, Plaintiff United States of America sued Defendant Andre V. Tillman, alleging Defendant defaulted on a student loan. On July 26, 2012, a process server allegedly served Defendant by leaving a copy of the summons and complaint with an individual who was present at Defendant's place of abode. [ECF No. 4]. Defendant did not appear or otherwise respond to the complaint. On October 24, 2012, the clerk entered a default judgment against Defendant. [ECF No. 6]. Roughly three years later, on July 27, 2015, Defendant moved to quash service of summons under Federal Rule of Civil Procedure 12(b)(5). [ECF No. 7, 13]. Because Defendant seeks relief from the default judgment, the Court instead will treat his motion as a motion to vacate under Federal Rule of Civil Procedure 60(b). For the reasons stated below, the motion will remain under advisement pending an evidentiary hearing.

## I. BACKGROUND

On the morning of July 26, 2012, Plaintiff's process server allegedly went to Defendant's place of abode at 925 Williams Street, Calumet City, Illinois ("925 Williams Street"). [ECF No. 4, at 3]. According to the server's affidavit of service, he left a copy of the summons and complaint with "DeShan Grant" ("Grant"). *Id.* The server described Grant as a black male with

black hair who was approximately seventeen years-old, five feet eight inches tall, and 145 pounds. *Id.* The server also stated that Grant resided at 925 Williams Street. *Id.* In challenging service, Defendant attached an affidavit from Deshae Grant. [ECF Nos. 7, at 5-10; 13, at 7-12].[1] Defendant argues that Grant did not reside at 925 Williams Street, [ECF No. 7, at 1], and was not the person with whom the summons and complaint were left, *id.* at 2.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) permits the Court to "set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c); *see also U.S. Bank, Nat. Ass'n v. Dunn*, 2013 WL 1222054, at *1 (N.D. Ill. Mar. 25, 2013).[3] "Rule 60(b) provides for relief if the litigant discovers new evidence, for mistake, inadvertence, surprise, or excusable neglect, for fraud, if the judgment is void, satisfied, released, or discharged, and for any other reason that justifies relief." *Brown v. Fifth Third Bank*, 2013 WL 1087562, at *2 (N.D. Ill. Mar. 14, 2013). When a default judgment is obtained after improper service of process, that judgment is void under Rule 60(b)(4) and must be set aside. *In re Outboard Marine Corp.*, 369 B.R. 353, 358 (Bankr. N.D. Ill. 2007).

## III. DISCUSSION

"As a general rule, service of process in the federal courts is governed by Federal Rule of Civil Procedure 4." *Schmude v. Sheahan*, 214 F.R.D. 487, 490 (N.D. Ill. 2003). "Federal Rule

---

[1] It is unclear whether the process server incorrectly wrote "DeShae" as "DeShan." Neither party has argued that there are two separate Grant's, DeShae and DeShan. Indeed, Plaintiff's strongest statement on the matter was that "it is not entirely clear . . . whether 'DeShan' and 'DeShae' are indeed the same individual." [ECF No. 12, at 2]. Therefore, it seems most likely that these are indeed the same person.
[2] Defendant also notes that he was not personally served, did not receive a copy of the summons by mail, and that Grant is not a family relation. [ECF No. 7, at 1-2]. None of these arguments are relevant because Federal Rule of Civil Procedure 4(e)(2)(B) only requires that the complaint and summons be left at Defendant's place of abode "with someone of a suitable age and discretion who resides there."
[3] The amendments to Rule 55 that will become effective on December 1, 2015, do not change this part of the Rule.

2

of Civil Procedure 4(e) provides that federal courts will have personal jurisdiction over a defendant if (1) service is effected pursuant to the law of the state where the district court is located, (2) a summons is delivered to the defendant personally, (3) the summons is left at the defendant's usual abode with a person of suitable age and discretion, or (4) the summons is delivered to an authorized agent of the defendant." *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005)

"[U]nder Federal Rule of Civil Procedure 4, a signed return of service constitutes *prima facie* evidence of valid service . . . ." *Id.* at 752. "Once such a *prima facie* showing is made, the burden shifts to the defendant to demonstrate that service was not received." *Id.* A defendant can overcome this burden with "strong and convincing evidence. *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163 (7th Cir. 2015).

In this case, Plaintiff did file a signed affidavit of service. [ECF No. 4, at 3]. The affidavit identifies the date and time of service – July 26, 2012 at 10:19 AM. *Id.* It identifies the address where service was made – 925 Williams Street, Calumet City, Illinois. *Id.* It identifies the name of the person with whom the summons and complaint were left – "Deshan Grant." *Id.* It identifies Grant as "a person residing" at 925 Williams Street. *Id.* And it provides a physical description of Grant – "Sex: Male – Skin: Black – Hair: Black – Approx. Age: 17 – Height: 5[']8" – Weight: 145." *Id.* This signed affidavit clearly describes the who, when, and where of service. Indeed, Defendant does not even claim that the description failed to apprise him of what must be rebutted. Therefore, it constitutes a *prima facie* showing that shifts the burden to Defendant.

A defendant's burden cannot be overcome by submitting an affidavit which merely denies that service happened, *Tonge v. Arantee Grp., LLC*, 2015 WL 566784, at *5 (S.D. Ind.

3

Feb. 11, 2015), or was sufficient, *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D. Ill. 1989). However, if a defendant provides a specific basis for disputing the process server's affidavit, then the server's affidavit is no longer presumed true . . . ." *Durukan*, 787 F.3d at 1164. Where there are material facts related to service that are in dispute, the court "must hold an evidentiary hearing to resolve them, at which point the party asserting personal jurisdiction must prove what it alleged." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). *See also Durukan*, 787 F.3d at 1164 ("To resolve the dispute between the conflicting evidence, the district court needed to hold an evidentiary hearing.").

In *Durukan America, LLC v. Rain Trading, Inc.*, 787 F.3d 1161 (7th Cir. 2015), the process server's affidavit described how he personally served an individual defendant. *Id.* at 1162. The affidavit included the name of the recipient, the place of service, and the time of service and, therefore, shifted the burden of proof. *Id.* at 1163. However, the defendant presented employment records indicating that, on the alleged day of service, he was supposed to be working at a location different from the location of service. *Id.* at 1164. He also provided an affidavit asserting that he was in fact working at this different location. *Id.* With this "specific first-hand observation[]," the defendant "not only denied service but even explained where he was at the time of service and how he remembers so precisely." *Id.* The Seventh Circuit noted that this evidence was "more than sufficient to contradict the affidavits of service and require a hearing to resolve the factual dispute." *Id.*

This case is similar. Here, Grant has attached to his affidavit several exhibits indicating that, during the one to two year time period around service of process, he lived at 3349 W. 79th Street, Chicago, Illinois. [ECF No. 13, at 8-10, 12]. As with the employment records in

4

*Durukan*, which indicated where the defendant was *supposed* to be, these exhibits would not be enough on their own because they do not prove where Grant resided on July 26. However, they, at least to some extent, corroborate a clear affidavit stating that "at all times in 2012 and before [Grant] lived at 3349 W. 79th Street, Chicago, Illinois." *Id.* at 7. With this statement, Grant specified where he actually resided on the day of service, and it was not 925 Williams Street. Perhaps Grant had two residences but, in the absence of any such evidence, that cannot be the presumption. This is particularly true because the process server's affidavit revealed no basis for concluding that Grant resided at 925 Williams Street. And if Grant did not reside at 925 Williams Street, service could not have been proper under Rule 4(e)(2)(B) even if the summons and complaint were left with him and the process server believed that Grant resided there. *See Hasenfus v. Corporate Air Servs.*, 700 F. Supp. 58, 66 (D.D.C. 1988) (cited with approval in *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 452 (7th Cir. 2000)).

At a minimum, this evidence has created the type of "doubt regarding the efficacy of service" which the Seventh Circuit has suggested should be dealt with in an evidentiary hearing. *Storms Indus., Inc. v. TheLaundryList.com, Inc.*, 2009 WL 2905437, at *2 (N.D. Ill. Sept. 8, 2009). This is especially true in light of this Circuit's "well established policy favoring a trial on the merits over a default judgment . . . ." *Bristol W. Ins. Co. v. Clark*, 2011 WL 1135921, at *2 (S.D. Ind. Mar. 25, 2011).

It also should be noted that Grant denies that he ever was personally served in 2012. [ECF No. 13, at 7]. This flat denial alone would not constitute strong and convincing evidence. But Grant attempts to support the denial by providing evidence that his physical appearance was not similar to the process server's physical description. Specifically, Grant's affidavit references his height and weight "in 2012," *id.*, and his state identification card issued on November 14,

2013 notes his height and weight at that time. The gaps between the server's description and Grant's affidavit description are seven inches and twenty pounds. The gaps between the server's description and the ID card are nine inches and twenty-five pounds. In considering these gaps, an allotment of a couple inches and some pounds must be made for reasonable errors on the part of a process server who is making estimates without a tape measure or scale. Allowing for these margins of error, it is possible -- but unlikely -- that Grant's physique changed that much between July 26, 2012, and some later time in 2012 or November 2013. Therefore, whether there actually is conflicting evidence as to Grant's physical appearance is not entirely clear. However, because an evidentiary hearing is necessary because of the issue of Grant's residence, the parties are encouraged also to present evidence of Grant's physical appearance on July 26, 2012, at the hearing.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to quash [EFC No.7] will remain under advisement. A status hearing is set for December 3, 2015 at 11:00 a.m. At that hearing, the Court will schedule an evidentiary hearing. The Court proposes December 17, 2015 at 1:30 p.m. for the evidentiary hearing. The parties and/or their counsel should be prepared at that time to confirm that date works for them and any witnesses. If that date does not work, they should be prepared to propose a different date.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 18, 2015